1

2

3
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2020

SEAN F. McAVOY, CLERK

4

5        UNITED STATES DISTRICT COURT

6      EASTERN DISTRICT OF WASHINGTON

7  EMMANUEL ROY,

                                              NO:  2:20-CV-235-RMP
8                    Plaintiff,

                                              ORDER DENYING PLAINTIFF'S
9      v.                                     MOTION TO REMAND AND
                                              GRANTING IN PART
10  PIONEER HUMAN RESOURCES,                  DEFENDANTS' MOTION TO
    INC; SPOKANE RESIDENTIAL                  DISMISS
11  REENTRY CENTER; DAN
    SIEGLER; CARLOS SOLOZAR;
12  and SUSAN JOHNSON-CONNERS,

13                    Defendants.

14

15        BEFORE THE COURT is Plaintiff Emmanuel Roy's Motion for Remand,

16  ECF No. 4, and Defendants' Pioneer Human Resources, et al.'s Motion to Dismiss,

17  ECF No. 3.  Both matters were submitted for consideration without oral argument.

18  *Id.*  Having reviewed the parties' briefing, and for the reasons that follow, the Court

19  denies Plaintiff's Motion for Remand and grants Defendants' Motion to Dismiss.

20

21

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 1

## BACKGROUND

Plaintiff is a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"). ECF No. 3 at 2. Defendants are Pioneer Human Resources, Inc. ("Pioneer"), Spokane Residential Reentry Center ("SRRC"), Dan Siegler, Carlos Solozar, and Susan Johnson-Connors. ECF No. 1-3 at 1−2. Pioneer is a Washington state corporation. *Id.* SRRC is an affiliate of Pioneer. *Id.* Dan Siegler, Carlos Solozar, and Susan Johnson-Connors are all employees of SRRC.

Plaintiff alleges that on November 29, 2018, he was transferred to the SRRC, managed by Pioneer, before being released to home confinement. ECF No. 1-3 at 2. Subsequently, as a result of allegedly false violation reports by Defendants, Plaintiff claims that Defendants "remanded Plaintiff from home confinement to SRRC restriction," "caused the arrest of Plaintiff," subsequently incarcerated Plaintiff in Spokane at the Spokane County Jail, and ultimately revoked Plaintiff's ability to complete the last twelve months of his sentence in community custody. *Id.* at 3.

On April 7, 2020, Plaintiff, appearing pro se, filed a Complaint against Defendants in the Spokane County Superior Court in the State of Washington. ECF No. 1-3 at 1. Plaintiff raised nine causes of action: (1) Malicious Abuse of Process; (2) Damages for False Arrest; (3) Damages for False Imprisonment; (4) Damages for Tortious Interference with Employment; (5) Damages for Breach of Fiduciary Obligations; (6) Damages for Breach of Statutory Duty; (7) Damages for Fraud; (8)

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 2

Damages for Retaliation; and (9) Damages for Failure to Train and Supervise – respondeat superior. *Id.* at 4.

On June 24, 2020, Defendants filed a Notice of Removal to federal court, alleging that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claim for breach of statutory duties. ECF No. 1 at 3; ECF No. 8 at 6. Defendants also claim the Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims for malicious abuse of process, false arrest, false imprisonment, tortious interference with employment, breach of fiduciary obligations, retaliation, and failure to train and supervise. ECF No. 1 at 4. Defendants assert that the state law action arises out of the same facts and circumstances as the federal law complaint. ECF No. 3 at 3.

On July 6, 2020, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. ECF No. 3. Without responding to the Motion to Dismiss, on July 15, 2020, Plaintiff filed a Motion for Remand to Spokane County Superior Court. ECF No. 4. Plaintiff alleges that the Court lacks original subject matter jurisdiction to hear the controversy. ECF No. 5 at 5. Defendants timely responded, opposing Plaintiff's Motion for Remand. ECF No. 8.

1

## LEGAL STANDARDS

2

### *Subject Matter Jurisdiction*

3      A complaint filed in state court may be removed to the federal district court

4   when the federal court would have original jurisdiction over the action.  28 U.S.C. §

5   1441(a).  Courts have federal question jurisdiction when an action arises "under the

6   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under 28

7   U.S.C. § 1441, the threshold requirement for removal is "a finding that the complaint

8   contains a cause of action that is within the original jurisdiction of the district court."

9   *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  The removing

10  party bears the burden of establishing federal jurisdiction when seeking removal.

11  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

12      A case may be remanded to state court if the district court lacks subject matter

13  jurisdiction.  *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc*., 272 F.

14  Supp. 2d. 919, 921 (N.D. Cal. 2003).  In a motion to remand to state court, the party

15  asserting federal jurisdiction has the burden of proof; it must prove federal

16  jurisdiction by a preponderance of the evidence.  *Carrington v. City of Tacoma*, 276

17  F. Supp. 3d 1035, 1041 (W.D. Wash. 2017).  Given the strong presumption against

18  removal, the removing party "always has the burden of establishing that removal is

19  proper."  *Hunter*, 582 F.3d at 1042.

20      Both parties cite to the well-pleaded complaint rule that dictates that federal

21  jurisdiction exists "when a federal question is presented on the face of the plaintiff's

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 4

properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987). A case arises under federal law when a plaintiff's well-pleaded complaint establishes either "(1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004). Under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). In other words, a plaintiff does not bypass federal jurisdiction merely because the complaint does not explicitly refer to federal law. *Id.*

Courts have federal question jurisdiction over a state law claim if it "necessarily raises a stated federal issue" that is disputed and substantial, which "a federal forum would entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012).

Where a federal court has original jurisdiction over a federal claim, it also has supplemental jurisdiction over all state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts may decline to exercise supplemental jurisdiction if the district court dismisses "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to retain jurisdiction, courts should consider and

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 5

1    weigh "the values of judicial economy, convenience, fairness, and comity." *Acri v.*

2    *Varian Assoc., Inc.*, 114 F.3d 999, 1002 (9th Cir. 1997).

3       **Fed. R. Civ. P. 12(b)(6)**

4       A claim will be dismissed if it fails to state a claim upon which relief can be

5    granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must state "enough facts to state a

6    claim to relief that is plausible on its face," in order to survive a motion to dismiss

7    under Fed. R. Civ. P. 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

8    (2007).  A plaintiff must provide more than mere labels, conclusions, or a

9    restatement of a cause's elements.  *Id.* at 555.  A facially plausible claim includes

10   enough factual content to allow the court to "draw the reasonable inference that the

11   defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).

13      In evaluating a motion to dismiss, courts must accept the complaint's

14   allegations as true; however, courts are not bound to accept legal conclusions.  *Iqbal*,

15   556 U.S. at 678.  With well-pleaded factual allegations, courts should assume their

16   veracity before determining whether the plausibility gives rise to an entitlement to

17   relief.  *Iqbal*, 556 U.S. 679.  Courts should construe the pleadings in the light most

18   favorable to the nonmoving party.  *Knieval v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

19   2005).  Pro se filings in particular should be construed liberally when evaluating

20   them under this standard.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

21

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 6

In dismissing a complaint for failure to state a claim, a district court "should grant leave to amend," regardless of whether a request to amend the pleading was made, unless the court determines that the "pleading could not possibly be cured by the allegations of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995). Courts should grant leave to amend when "it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).

## DISCUSSION

### Plaintiff's Motion to Remand

#### *Federal Question*

Plaintiff alleges that the Court lacks subject matter jurisdiction because the Complaint does not implicate a federal question. ECF No. 5 at 5. Plaintiff denies claiming a remedy under a federal statute; rather, Plaintiff asserts that the Complaint merely identifies duties imposed under a federal statute as predicates to the alleged state law claims. *Id.* Further, Plaintiff alleges that the state law claims do not depend on the resolution of federal law, and the Complaint fails to allege a claim that arises under federal law. *Id.* Plaintiff suggests that the Complaint provides "two alternative theories," (1) a breach of statutory duties under federal law, "only as a predicate violation of the state law claims," and (2) common law violations. *Id.* at 6. Plaintiff argues that, as a result, the federal statute is not an essential element to the state law claims. *Id.*

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 7

Defendants assert that the Court has subject matter jurisdiction because Plaintiff's state law claims are "predicated on the alleged breach of statutory duties under federal law." ECF No. 8 at 2. Defendants argue that federal jurisdiction exists because Plaintiff identifies duties created by federal law and the nature of the legal duties arise under federal law. *Id.* at 6. Defendants also point to Plaintiff's retaliation claim which alleges First Amendment violations, arguing that this is an "inherently federal claim." *Id.* at 10. Further, Defendants assert that Plaintiff's rights under federal law are dependent on his status as a federal inmate, implicating federal law. *Id.* at 8.

Courts have federal question jurisdiction when a claim is brought under a federal statute that incorporates state law. *Cook*, 690 F.3d at 1131. In *Cook*, plaintiff brought claims under Alaska state law and the Alaska Native Claims Settlement Act, a federal law. *Id.* at 1129. Defendants appealed the district court's summary judgment alleging that the district court lacked subject matter jurisdiction. *Id.* On appeal, the Ninth Circuit found that the district court did have federal question subject matter jurisdiction because federal law created both causes of action, the Alaska state law claim and the Settlement Act claim. *Id.* at 1130. Plaintiff brought a federal claim that incorporated state law. *Id.* at 1131. Plaintiff could not successfully bring a claim directly under state law because federal law governed the issue at hand. *Id.* at 1131.

In the Complaint, Plaintiff asserts a cause of action under the federal statutory code, 28 U.S.C. § 3624.  ECF No. 1-3 at 9.  Plaintiff argues that the federal statute does not provide remedies, but that factor does not determine federal jurisdiction.  ECF No. 5 at 5.  As discussed in *Cook*, the Court has original jurisdiction when a federal law is implicated, regardless of whether state law is also involved.  *Cook*, 690 F.3d at 1131.

In evaluating whether it has federal question subject matter jurisdiction, the Court looks to whether the federal law created the cause of action.  *Id.* at 1130.  Plaintiff's claim of breach of statutory duties arises under 28 U.S.C. § 3624, the source of those duties.  The breach of statutory duties is created by the federal law that created those duties. Therefore, Plaintiff's right to relief is dependent on federal law, and Plaintiff's cause of action for breach of statutory duty implicates a federal question.

Additionally, Plaintiff alleges that he was retaliated against as a result of exercising his First Amendment rights.  ECF No. 1-3 at 12.  Plaintiff's retaliation claim is grounded on the violation of his constitutional rights.  *Id.*  The statutory basis for bringing a claim for violation of constitutional rights is 42 U.S.C. § 1983, a federal statute.  Thus, Plaintiff's cause of action for retaliation arises under federal law and the Court has federal question jurisdiction over the retaliation claim.

Furthermore, Plaintiff relies on a theory of respondeat superior, alleging that Defendants failed to properly train and supervise their employees in order to prevent

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 9

employees from engaging in retaliatory conduct.  ECF No. 1-3 at 14.  This claim is

based on the alleged retaliatory action that employees took against Plaintiff after

Plaintiff exercised his First Amendment rights.  *Id.*  As explained *supra*, the statute

for bringing a claim of violation of constitutional rights is under 42 U.S.C. § 1983.

Therefore, Plaintiff's cause of action for failure to "train and supervise – respondeat

superior" arises under federal law, and the Court has federal question jurisdiction

over this claim.  ECF No. 1-3 at 14.

For these reasons, the Court finds that it has federal question jurisdiction over

Plaintiff's causes of action for breach of statutory duty, damages for retaliation, and

damages for failure to "train and supervise – respondeat superior."

### *Supplemental Jurisdiction*

Plaintiff argues that it would be inappropriate for the Court to exercise

supplemental jurisdiction.  ECF No. 9 at 4.  Plaintiff cites precedent that suggests

courts should decline to exercise supplemental jurisdiction where the district court

dismissed all claims over which it had original jurisdiction.  *Id.* (citing *Carnegie-*

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded by statute as stated in*

*Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010), (suggesting that

courts should decline to exercise supplemental jurisdiction when "federal-law claims

have dropped out of the lawsuit in its early stages and only state-law claims

remain")).

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 10

1    Defendants claim that supplemental jurisdiction is appropriate because all of

2    Plaintiff's claims arise out of the same facts and circumstances.  ECF No. 8 at 4.

3    Courts may exercise supplemental jurisdiction over all related claims that

4    form part of the same controversy over which it has original jurisdiction.  28 U.S.C.

5    § 1367.  In determining whether to exercise supplemental jurisdiction, courts

6    consider factors such as judicial economy, convenience, fairness, and comity.  *Brady*

7    *v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).  In *Brady*, the plaintiffs brought a cause

8    of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a

9    federal statute, and various state law claims including fraud, conversion,

10   constructive trust, and breach of fiduciary duty.  *Id.* at 815.  The district court

11   exercised supplemental jurisdiction, finding the defendants liable for fraud.  *Id.*  In

12   its decision, the court considered whether "a return to state court would have been a

13   waste of judicial resources when the case had been in federal court for some time."

14   *Id.* at 816.  On appeal, the Ninth Circuit upheld the district court's decision to retain

15   jurisdiction over the state claims, reasoning that it is appropriate for district courts to

16   retain jurisdiction even when federal claims are dismissed.  *Id.*  A federal claim's

17   lack of merit does not mean that supplemental jurisdiction dissipates.  *Id.*  In other

18   words, courts may exercise supplemental jurisdiction even if the federal claim lacks

19   merit.  *Id.*

20   Plaintiff asserts that supplemental jurisdiction is inappropriate because "there

21   is no underlying federal action to speak of."  ECF No. 9 at 4.  However, as discussed

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 11

*supra*, several of Plaintiff's claims are grounded in federal law. The federal claims and state claims derive from the same facts and controversy. Therefore, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In its discretion, the Court finds that exercising supplemental jurisdiction over Plaintiff's state claims promotes judicial economy, convenience, and fairness. *Acri*, 114 F.3d at 1002. Like *Brady*, this matter has been in federal court for some time and a return to state court would be a waste of judicial resources. *Brady*, 51 F.3d at 816.

For these reasons, the Court is asserting jurisdiction over Plaintiff's state law claims, including damages for false arrest, damages for false imprisonment, damages for tortious interference with employment, damages for breach of fiduciary obligations, and damages for fraud.

## **Motion to Dismiss**

Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Throughout their briefing, Defendants rely upon the concurrently filed decisions in *Vega v. U.S.*, 881 F.3d 1146 (published memorandum), 724 Fed. Appx. 536 (unpublished) (9th Cir. 2018).

In *Vega*, the plaintiff was transferred from a federal prison to a residential reentry center operated by Pioneer. *Vega*, 881 F.3d at 1148. The court classified Pioneer as a BOP contractor, stating that "prisoners assigned to this type of reentry program technically remain in the custody of the BOP." *Id.* at 1149. After several incidents, the plaintiff was transferred back to federal prison. *Id.* at 1150.

Subsequently, the plaintiff filed a complaint alleging constitutional violations and several tort claims under a federal statute and Washington law. *Id.* The plaintiff maintained that a false violation report was filed against him after staff learned that the plaintiff was pursuing litigation against the Department of Labor and Industries. *Id.* The plaintiff further alleged that employees conspired to remove plaintiff from the reentry program because he asserted his First Amendment rights. *Id.* at 1148.

The district court, in *Vega*, granted the defendants' motion to dismiss the plaintiff's tort claims for false imprisonment, false arrest, malicious prosecution, abuse of process, outrage/intentional infliction of emotional distress, and invasion of privacy. 881 F.3d at 1151. Additionally, the district court granted the defendants' motion for summary judgement, dismissing the plaintiff's negligence claim. *Id.* The Ninth Circuit upheld the dismissal of these claims, concluding that the plaintiff failed to satisfy the requirements of Washington law and federal pleading standards. *Id.* at 1155; *Vega*, 724 Fed. Appx. at 539–41.

### *Malicious Abuse of Process*

Plaintiff brings a cause of action for malicious abuse of process, alleging that Defendants "abused and maliciously used the process as a weapon" when they engaged the disciplinary process without legal justification. ECF No. 1-3 at 4. Plaintiff maintains that Defendants filed two violation reports against Plaintiff,

initiating a baseless investigation by the Community Disciplinary Committee[1]

("CDC"). *Id.* at 5. Subsequently, Defendants filed a report with the BOP, alleging

that the CDC conducted a hearing. *Id.*

In response, Defendants argue for dismissal on the grounds that the Complaint

contains "no allegation that criminal proceedings were initiated against Plaintiff" by

Pioneer. ECF No. 3 at 10. Defendants allege that BOP administrative proceedings

prior to prison transfers are not considered a prosecution or legal proceeding. ECF

*Id.* at 10-11. Additionally, Defendants raise the argument that BOP, not Pioneer,

made all decisions regarding Plaintiff's custody and confinement. *Id.*

Malicious abuse of process requires a proof of malice and willfulness.

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir.

2011). To prevail in a malicious abuse of process claim, a plaintiff must show: "(1)

the existence of an ulterior purpose to accomplish an object not within the proper

scope of the process, and (2) an act in the use of legal process not proper in the

regular prosecution of the proceedings." *Spencer v. City of Spokane*, No. 2:19-CV-

100-RMP, 2019 WL 6118265, at *11 (E.D. Wash. Nov. 18, 2019) (holding that

defendants executed authorized processes within the scope of criminal prosecution

when defendants initiated a criminal proceeding against the defendant). Initiating a

---

[1] Plaintiff does not explain the term "Community Disciplinary Committee," but the
Court infers that he is referring to a governing group within the SRRC.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 14

prosecution does not constitute an abuse of process, regardless of a malicious

motive.  *Id.*  A defendant is not liable when he merely carries out the process to its

authorized conclusions.  *Id.*

    To survive dismissal, Plaintiff must allege facts supporting that Defendants

used a legal process that was improper in the regular conduct of the proceedings.  *Id.*

Plaintiff alleges that Defendants filed violation reports and conducted a CDC

hearing but failed to allege how those legal processes were improper.  ECF No. 1-3

at 5.  The mere initiation of a prosecution does not establish an abuse of process

claim.  *Spencer*, 2019 WL 6118265, at *11.  The Complaint makes conclusory

statements that Defendants abused the process, which is not enough to survive a

Rule 12(b)(6) motion.  Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 555.

    For these reasons, the Court dismisses Plaintiff's malicious abuse of process

claim without prejudice and with leave to amend.

### *False Arrest*

    In the Complaint, Plaintiff raises a claim for false arrest, alleging that

Defendants took retaliatory action by causing Plaintiff's arrest "based on specious

and unfounded allegations that Defendant[s] knew to be false."  ECF No. 1-3 at 5.

In their Motion to Dismiss, Defendants argue that false arrest and false

imprisonment are "essentially the same."  ECF No. 3 at 9.  In both claims, Plaintiff's

1   status as a prisoner results in a lack of choice to remain at a specific detention

2   facility.  *Id.*

3           To maintain an action of false arrest, the plaintiff must plead facts that would

4   show the defendant ordered or otherwise procured the arrests, and the arrests were

5   without probable cause.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012).

6   In Washington, false arrest occurs when "a person with actual or pretended legal

7   authority to arrest unlawfully restrains or imprisons another person."  *Youker v.*

8   *Douglas Cty.*, 162 Wn. App. 448, 465 (Wash. Ct. App. 2011); *Spencer*, 2019 WL

9   6118265, at *10.  Generally, an officer is not liable if the arrest is made "under a

10  warrant or process which is valid on its face."  *Bender v. Seattle*, 99 Wn.2d. 582, 591

11  (Wash. 1983).

12          The Complaint must allege facts that Defendants unlawfully restrained or

13  imprisoned Plaintiff in order to survive the Motion to Dismiss.  Fed. R. Civ. P.

14  12(b)(6); *Youker*, 162 Wn. App. at 465.  Plaintiff claims that he was unlawfully

15  restrained as a result of unfounded allegations.  ECF No. 1-3 at 6.  However,

16  Plaintiff fails to plead facts as to how the allegations were unfounded and how

17  Defendants' actions were unlawful.  *Id.*  Rather, Plaintiff alleges conclusory

18  statements which is not enough to survive a Rule 12(b)(6) motion.  Fed. R. Civ. P.

19  12(b)(6); *Twombly*, 550 U.S. at 555.

20          For these reasons, the Court dismisses Plaintiff's false arrest claim without

21  prejudice and with leave to amend.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 16

1

### *False Imprisonment*

2       Plaintiff claims that Defendants falsely imprisoned Plaintiff when they placed

3  him on "RRC building restriction."  ECF No. 1-3 at 7.  Subsequently, Plaintiff

4  alleges that he was falsely imprisoned for an additional fifteen months.  *Id.*  In

5  response, Defendants cite to *Vega* and argue for dismissal on the basis that inmates

6  do not have a liberty interest in their placement at a particular institution.  ECF No. 3

7  at 9; *Vega*, 724 Fed. Appx. at 540.

8       False imprisonment occurs when "a person is restrained or imprisoned when

9  he is deprived of either liberty of movement or freedom to remain in the place of his

10 lawful choice."  *Vega,* 724 Fed. Appx. at 540.

11       It is well-settled that inmates do not have liberty interests unless state law

12 creates one.  *Brown v. Mahoney*, 71 Fed. Appx. 722, 726 (9th Cir. 2003).  Pursuant

13 to Washington law, courts have denied the creation of a liberty interest in remaining

14 at a specific institution.  *Vega*, 724 Fed. Appx. at 540 (denying an inmate's claim

15 that he had a liberty interest at a specific institution); *Vignolo v. Miller*, 120 F.3d

16 1075, 1078 (9th Cir. 1997) (ruling that generally prisoners do not have a

17 "constitutionally-protected liberty interest in being held at, or remaining at, a given

18 facility); *In re Marler*, 108 Wn. App. 799, 807 (Wash. Ct. App. 2001) (holding that

19 inmates lack a liberty interest in being released before serving the full maximum

20 sentence); *In re McCarthy*, 161 Wn.2d 234, 240 (Wash. 2007) (acknowledging that

21

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 17

generally inmates have no liberty interest in "release prior to the expiration of a valid sentence").

To survive dismissal, the Complaint must allege facts that Plaintiff retained a liberty interest in remaining at the reentry center. *Vega,* 724 Fed. Appx. at 540. However, the law does not recognize an inmate's liberty interest in his placement at a specific facility. *Id.*; *Vignolo*, 120 F.3d at 1078. Therefore, Plaintiff is unable to allege any facts to establish a liberty interest in remaining at the reentry center. Additionally, case law states that inmates retain no liberty interest in an early release. *In re Marler*, 108 Wn. App. at 807. Thus, Plaintiff lacked a liberty interest in his 12-month early release. There is no basis for concluding that Plaintiff could amend his allegations to state a claim that is not supported by law in this type of situation because such a right does not exist.

For these reasons, the Court dismisses Plaintiff's false imprisonment claim with prejudice and without leave to amend.

### *Tortious Interference with Employment*

Plaintiff alleges that Defendants engaged in tortious interference in Plaintiff's employment when Defendants removed Plaintiff from Revive Counseling, LLC ("Revive Counseling"). ECF No. 1-3 at 7. In their Motion to Dismiss, Defendants argue that Plaintiff lacked a right to employment while in federal custody. ECF No. 3 at 12−13.

Under Washington law, a tortious interference claim requires five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) that the defendants had knowledge of the same; (3) defendants' intentional interference induced or caused a breach or termination of that relationship or expectancy; (4) the defendants interfered with an improper purpose or used improper means; and (5) resultant damage. *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 131 Wn.2d 133, 157 (Wash. 1997). An employment relationship constitutes a contractual relationship and, therefore, falls within the scope of this claim. *See Kieburtz & Assoc., Inc. v. Rehn*, 68 Wn. App. 260, 265 (Wash. Ct. App. 1992).

In the Complaint, Plaintiff alleges that Defendants confiscated Plaintiff's cell phone which he used to communicate and conduct his duties at Revive Counseling. ECF No. 1-3 at 3. Further, Plaintiff claims that Defendants "remove[d] Plaintiff from Revive Counseling, his place of employment." *Id.* at 7. However, Plaintiff fails to plead that a contractual relationship existed with Revive Counseling. Additionally, the Complaint lacks specific facts suggesting Defendants interfered with an improper purpose.

For these reasons, the Court dismisses Plaintiff's tortious interference with employment without prejudice and with leave to amend.

### *Breach of Fiduciary Obligations*

Plaintiff claims that Defendants had an obligation to "advise Plaintiff that his employment with Revive Counseling was strictly policy development." ECF No. 1-

3 at 8.  Plaintiff alleges that Defendants breached their fiduciary obligations when Defendants failed to advise Plaintiff about the scope of his employment.  *Id.*  Further, Defendants allegedly interfered with Plaintiff's employment when Defendants restricted Plaintiff to SRRC building and caused his false arrest and imprisonment. *Id.*  In response, Defendants argue for dismissal on the grounds that Plaintiff failed to allege facts that establish a fiduciary relationship.  ECF No. 3 at 15.

Pursuant to Washington law regarding a claim for breach of fiduciary duties, a plaintiff must prove that: (1) a fiduciary relationship existed, giving rise to a duty of care from the defendant to the plaintiff; (2) the fiduciary's act or omission breached the standard of care; (3) the plaintiff suffered damages; and (4) the damages were the proximate cause of the fiduciary's breach of the standard of care.  *Wells Fargo Ins. Serv. USA, Inc. v. Tyndell*, No. 2:16-CV-89-SMJ, 2016 WL 7191692, at *3 (E.D. Wash. Dec. 12, 2016).

Generally, a fiduciary relationship arises as a matter of law in certain contexts. *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 110 Wn. App. 412, 434 (Wash. Ct. App. 2002).  However, a fiduciary relationship may arise in fact, regardless of the parties' relationship in law.  *Id.*  A fiduciary relationship exists in relationships of confidence and trust, justifying one party's expectation that "his interests will be protected by the other party."  *In re River Park Square Project Bond Litig.*, No. CS-01-0127-EFS, 2004 WL 7340034, at * 1 (E.D. Wash. Apr. 2, 2004).

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 20

In the Complaint, Plaintiff claims that Defendants "serve in a fiduciary capacity" as a result of Defendants' "position and control over Plaintiff," thus, owing Plaintiff a duty of reasonable care. ECF No. 1-3 at 8. To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead facts establishing that a fiduciary relationship existed between Plaintiff and Defendants. Fed. R. Civ. P. 12(b)(6). Rather than pleading specific facts, Plaintiff merely stated that a fiduciary relationship existed as a result of Defendants' "control over Plaintiff." ECF No. 1-3 at 8. This is a conclusory statement that is insufficient to plausibly allege how Defendants retained control over Plaintiff. *Twombly*, 550 U.S. at 555. Further, the Complaint fails to allege any facts to plausibly support that Plaintiff expected that his interests were to be protected by Defendants.

For this reason, the Court dismisses Plaintiff's breach of fiduciary obligations claim without prejudice and with leave to amend.

### *Breach of Federal Statutory Duties*

Plaintiff claims that Defendants breached their statutory duty imposed by 18 U.S.C. § 3624(c)(5) by engaging in retaliatory acts that resulted in harm to Plaintiff. ECF No. 1-3 at 9. Defendants argue for dismissal, asserting the statutory section that Plaintiff cites to is inapplicable. ECF No. 3 at 17.

Pursuant to 28 U.S.C. § 3624(c)(5), the Director of the Bureau of Prisons must report specific statistics describing the "Bureau's utilization of community corrections facilities." The statutory provision does not impose any duty on a

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 21

1   defendant to an individual federal prisoner.  Therefore, this statutory code is

2   inapplicable to Plaintiff's Complaint.

3       For this reason, the Court dismisses Plaintiff's breach of statutory duties claim

4   with prejudice and without leave to amend.

5           *Fraud*

6       Plaintiff alleges that Defendants failed to "require or request the Plaintiff to

7   obtain a written employment contract between Plaintiff and Revive."  ECF No. 1-3

8   at 10.  Further, Plaintiff alleges that Defendants misled Plaintiff into believing the

9   statute of frauds did not apply to Defendants' approval of Plaintiff's employment.

10  *Id.*  Plaintiff asserts that this misrepresentation was fraudulent.  *Id.*

11      Defendants argue for dismissal on the grounds that Plaintiff failed to allege

12  the required elements for a fraud claim.  ECF No. 3 at 16.  Additionally, Defendants

13  assert that the statute of frauds is inapplicable in this situation.  *Id.*

14      The circumstances of fraud must be stated with particularity and federal courts

15  will examine state law to determine whether the elements of fraud have been "pled

16  sufficiently to state a cause of action."  *Vess*, 317 F.3d at 1103.  Pursuant to

17  Washington law, a plaintiff must prove nine elements to prevail on a fraud claim.

18  *Adams v. King Cty.*, 164 Wn.2d 640, 662 (Wash. 2008).  These nine elements are:

19  "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's

20  knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the

21  plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 22

the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff."  *Id.*

The statute of frauds governs the memorialization of agreements; specifically, which contracts must be in writing in order to be valid.  Revised Code of Washington ("RCW") § 19.36.010.  The statute of frauds applies in contexts where an agreement cannot be satisfied within one year.  *Id.*  The statute of frauds fails to apply in this context because the Plaintiff's employment at Revive Counseling was for an unknown duration.

To survive a motion to dismiss, Plaintiff must allege facts that satisfy the nine elements of a fraud claim.  Fed. R. Civ. P. 12(b)(6); *Adams*, 164 Wn.2d. at 662. Plaintiff asserts that Defendants were fraudulent in their misrepresentation of the applicability of the statute of frauds.  ECF No. 1-3 at 10.  However, this is a conclusory statement and does not satisfy the burden of plausibly alleging sufficient facts to support the nine elements of a fraud claim.  *Twombly*, 550 U.S. at 555.

For these reasons, the Court dismisses Plaintiff's fraud claim with prejudice and without leave to amend as there appear to be no legal basis for this claim.

### *Retaliation/ Negligence*

Plaintiff alleges that Defendants engaged in retaliatory action against Plaintiff as a result of Plaintiff's demand letter.  ECF No. 1-3 at 12.  Defendants allegedly

1    filed false complaints against Plaintiff, confiscated his phone, and removed Plaintiff

2    from his job.  ECF No. 1-3 at 12.

3        In their Motion to Dismiss, Defendants argue for dismissal because a

4    retaliation claim is "not clear from Plaintiff's pleadings."  ECF No. 3 at 11.

5    Defendants argue that, rather, Plaintiff appears to be asserting a negligence claim,

6    which should also be dismissed on the grounds that Defendants owed no special duty

7    to Plaintiff.  *Id.*

8        Plaintiff fails to assert under what law he is claiming retaliation.  Because

9    Plaintiff is proceeding pro se, the Court analyzes Plaintiff's claims under various

10   laws in which Plaintiff may be attempting to claim retaliation.

11       In a First Amendment context, the Ninth Circuit has clearly established a

12   prohibition against retaliatory punishment.  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th

13   Cir. 1995).  Defendants cannot transfer a prisoner from one correction facility to

14   another as punishment for the prisoner exercising his constitutional right to pursue

15   civil rights litigation.  *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995).

16   Under a First Amendment claim to retaliation in a prison context, a plaintiff must

17   prove: "(1) An assertion that a state actor took some adverse action against an

18   inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

19   chilled the inmate's exercise of his First Amendment rights, and (5) the action did

20   not reasonably advance a legitimate correctional goal."  *Brodheim v. Cry*, 584 F.3d

21   1262, 1269 (9th Cir. 2009).

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 24

1    If Plaintiff is pursuing a retaliation claim under the First Amendment, he must

2    plead facts that Defendants are state actors who acted against Plaintiff because of

3    Plaintiff's protected conduct and that action chilled Plaintiff's exercise of his First

4    Amendment rights. *See Brodheim*, 584 F.3d at 1269. As discussed in *Vega*, the

5    Ninth Circuit has found that Pioneer Human Services is not a state actor. *Vega*, 881

6    F.3d. at 1149. Rather, the Ninth Circuit confirmed that Pioneer is a "non-profit BOP

7    contractor, and prisoners assigned to this type of reentry program technically remain

8    in the custody of the BOP." *Id.* Thus, Plaintiff has failed to state a retaliation claim

9    under the First Amendment, because there is no allegation that a state actor was

10   responsible for the retaliation.

11   If Plaintiff is pursuing a claim for retaliation under Title VII, the *McDonnell*

12   *Douglas* burden-shifting framework applies. *Surrell v. Cal. Water Serv. Co.*, 518

13   F.3d 1097, 1105 (9th Cir. 2008); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

14   793 (1973). To establish a prima facie case of Title VII retaliation, the plaintiff must

15   show: (1) he was engaged in a protected activity; (2) he suffered an adverse

16   employment action; and (3) there was a causal connection between the two. *Surrell*,

17   518 F.3d at 1105.

18   If Plaintiff is pursuing a claim of retaliation under Title VII, he would need to

19   plead sufficient facts to make a prima facie case. *See Surrell*, 518 F.3d at 1105.

20   Plaintiff claims that he engaged in protected activity when he exercised his First

21   Amendment rights. ECF No. 1-3 at 12. As a result of this conduct, Plaintiff alleges

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS ~ 25

1    that his employment at Revive Counseling ended.  *Id.* at 3.  However, Plaintiff does

2    not allege facts to establish a causal connection between these two events.  For this

3    reason, Plaintiff has failed to allege a plausible claim for retaliation under Title VII.

4        A retaliation claim, pursuant to Washington state law, mirrors that of a

5    retaliation claim under Title VII.  *See Estevez v. Faculty Club of Univ. of Wash.*, 129

6    Wn. App. 774, 797 (Wash. Ct. App. 2005).  Under Washington law, a plaintiff must

7    establish a prima facie case by showing that: (1) he engaged in statutorily protected

8    activity; (2) an adverse employment action was taken; and (3) there was a causal link

9    between the employee's activity and the employer's adverse action.  *Id.*

10       If Plaintiff is pursuing a retaliation claim under Washington state law, he

11   would need to plead facts that establish a prima facie case.  *Id.*  Plaintiff alleges that

12   he invoked his First Amendment rights which is protected activity.  ECF No. 1-3 at

13   12.  Further, Plaintiff alleges that Defendants interrupted his employment at Revive

14   Counseling.  *Id.* at 3.  However, Plaintiff fails to allege a causal link between

15   Plaintiff's protected activity and Defendants' conduct.  For this reason, Plaintiff has

16   failed to state a retaliation claim under Washington state law.

17       For these reasons, the Court dismisses Plaintiff's retaliation claim without

18   prejudice and with leave to amend.

19       Plaintiff appears to be alleging a claim of negligence against Defendants by

20   claiming that "Defendants had a legal duty to perform [their] responsibilities with

21   reasonable due care."  ECF No. 1-3 at 13.  Plaintiff claims that Defendants allegedly

breached their duty when they took the allegedly retaliatory action against Plaintiff. *Id.* To prevail on a negligence claim, a plaintiff must show a duty, a breach of that duty, causation, and harm. *Volk v. DeMeerleer*, 187 Wn.2d 241, 255 (Wash. 2016) .

To succeed on a negligence claim, Plaintiff must plead facts as to the duty owed, how Defendants breached that duty, causation, and harm. *See Volk*, 187 Wn.2d at 255. In the Complaint, Plaintiff claims that Defendants owed a duty "to perform [their] responsibilities with reasonable due care." ECF No. 1-3 at 13. Further, Plaintiff alleges that Defendants breached this duty when they filed false violation reports against Plaintiff. *Id.* However, these are conclusory statements. *Twombly*, 550 U.S. at 555. Plaintiff must plead specific facts to plausibly allege a duty owed by Defendants, how Defendants breached that duty, and how their alleged breach caused him damage. Plaintiff has failed to plausibly allege a negligence claim.

For this reason, the Court dismisses Plaintiff's negligence claim without prejudice and with leave to amend.

### *Failure to Train and Supervise – Respondeat Superior*

Plaintiff alleges that Defendants failed to properly train and supervise their employees in a manner which prevents the employees from engaging in "retaliation against residents like Plaintiff." ECF No. 1-3 at 14. Defendants allegedly knew of its employees' "unlawful conduct" as a result of prior litigation and the two letters sent by Plaintiff, explaining the unlawful conduct. ECF No. 1-3 at 14.

In their Motion to Dismiss, Defendants argue that Pioneer cannot be vicariously liable under respondeat superior because there is no underlying liability for negligence.  ECF No. 3 at 14.  Additionally, Defendants cite to case law in which courts dismissed negligent training and supervision claims when there is a vicarious liability claim dependent on an employee acting within the scope of employment. *See LaPlant v. Snohomish Cty.*, 162 Wn. App. 476, 479 (Wash. Ct. App. 2011) (holding that under Washington law, "a cause of action for negligent supervision requires a plaintiff to show that an employee acted outside the scope" of employment); *see also Velasquez v. King Cty.*, No. C19-745-RSM, 2020 WL 3451966, at *3 (W.D. Wash. June 24, 2020) (confirming dismissal of the negligent supervision because the employee's actions occurred within the scope of employment); *see also Preston v. Boyer*, No. C16-1106-JCC-MAT, 2019 WL 982041, at *3 (W.D. Wash. Feb. 7, 2019) (holding that claims of negligent training and supervision are only proper when the employee acted outside the scope of employment).

Pursuant to 42 U.S.C. § 1983, a plaintiff has a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the U.S. was violated; and (2) the alleged violation was committed by a person acting under the color of state law.  *Id.*  A person acts under

1  the color of state law when he "abuses the position given to him by the State."

2  *McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000).

3      Four elements must be satisfied to establish a claim for negligent training and

4  supervision: (1) the plaintiff possessed a constitutional right of which he was

5  deprived; (2) the municipality had a policy; (3) the policy amounts to "deliberate

6  indifference" to the plaintiff's constitutional right; and (4) the policy is the moving

7  force behind the constitutional violation.  *Van Ort v. Estate of Stanewich*, 92 F.3d

8  831, 835 (9th Cir. 1996).

9      To survive a motion to dismiss, the Complaint must allege facts that satisfy

10  the elements of a negligent training and supervision claim pursuant to 42 U.S.C. §

11  1983.  *Id.*  Plaintiff alleges that Defendants' employees retaliated against him as a

12  result of Plaintiff exercising his First Amendment rights.  ECF No. 1-3 at 14.

13  Plaintiff claims that Defendants are liable as a result of this retaliatory conduct.  *Id.*

14  Plaintiff satisfies the first requirement of a claim under 42 U.S.C. § 1983; however,

15  Plaintiff fails to allege that Defendants acted under color of the law.  As previously

16  held in *Vega*, the Ninth Circuit has found that Pioneer is a contractor of BOP, not a

17  state actor.  *Vega*, 881 F.3d. at 1149.  Additionally, Plaintiff does not allege facts

18  that satisfy the other four elements of a negligent training and supervision claim

19  pursuant to 42 U.S.C. § 1983.

20      For these reasons, the Court dismisses Plaintiff's negligent training and

21  supervision claim, without prejudice and with leave to amend.

The doctrine of respondeat superior applies when an employee is a "servant" of the employer. *Krueger v. Mammoth Mountain Ski Area, Inc.*, 873 F.2d 222, 223 (9th Cir. 1989). A servant is defined as "a person employed to perform services for another and who is subject to the other's control while performing those services." *Id.* This is most often seen in a traditional employment relationship. *Id.* Under the doctrine of respondeat superior and Washington law, an employer is liable for its employee's torts committed in the scope of employment. *Evans v. Tacoma Sch. Dist. No. 10*, 195 Wn. App. 25, 37 (Wash. Ct. App. 2016).

Plaintiff must assert an underlying tort in order to succeed on a claim of respondeat superior. *See id.* Plaintiff alleges negligence in his Complaint, however, the facts to support this claim are insufficient as discussed previously. ECF No. 1-3 at 13. Therefore, Plaintiff's claim of "respondeat superior" fails because Plaintiff is unable to establish an underlying tort committed by Defendants' employees.

For this reason, the Court dismisses Plaintiff's respondeat superior claim, without prejudice and with leave to amend.

Accordingly, **IT IS HEREBY SO ORDERED** that:

1. Plaintiff's Motion to Remand, **ECF No. 5**, is **DENIED**.

2. Defendants' Motion to Dismiss, **ECF No. 3**, is **GRANTED IN PART** with respect to dismissal of all of Plaintiff's claims and dismissal **with prejudice and without leave to amend** of Plaintiff's false imprisonment, breach of statutory duties, and fraud claims. The Court **DENIES IN**

**PART** Defendants' Motion by dismissing Plaintiff's malicious abuse of process, false arrest, tortious interference with employment, retaliation/negligence, and failure to train or supervise claims **without prejudice and with leave to amend**, rather than dismissing those claims with prejudice as requested by Defendants.

3. Judgment of dismissal shall be entered with respect to Plaintiff's false imprisonment, breach of statutory duties, and fraud claims.

4. Plaintiff has **thirty days** from the date of this Order to amend the Complaint to plausibly allege sufficient facts to support the claims that were not dismissed with prejudice.

The District Court Clerk is directed to enter this Order, enter Judgment of Dismissal as directed, and provide copies to Plaintiff and to counsel.

**DATED** November 2, 2020.


       *s/ Rosanna Malouf Peterson*
      ROSANNA MALOUF PETERSON
       United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 31