FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMANUEL ROY,<br><br>    Plaintiff,<br><br>v.<br><br>PIONEER HUMAN RESOURCES, INC; SPOKANE RESIDENTIAL REENTRY CENTER; DAN SIEGLER; CARLOS SOLOZAR; and SUSAN JOHNSON-CONNERS,<br><br>    Defendants. | NO:  2:20-CV-235-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT |

On November 2, 2020, this Court denied a Motion to Remand by Plaintiff Emmanuel Roy.  ECF Nos. 16 and 17.  In the same Order and Judgment, the Court granted in part Defendants Pioneer Human Resources, Inc., et al.'s Motion to Dismiss with respect to dismissal with prejudice of Plaintiff's false imprisonment, breach of statutory duties, and fraud claims, and denied in part Defendants' Motion to Dismiss with respect to dismissal without prejudice of Plaintiff's malicious abuse

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT ~ 1

of process, false arrest, tortious interference with employment, retaliation/negligence, and failure to train or supervise claims. Id.

Now before the Court is Plaintiff's November 4, 2020 Motion for Final Judgment, ECF No. 18. Plaintiff communicates that he "declines the opportunity extended by the Court to amend his complaint and instead asks the Court to issue a final judgment" to appeal the Court's denial of this Motion to Remand. ECF No. 18 at 2.

Defendants responded: "As Plaintiff has now confirmed he will not amend his complaint to state legally sufficient claims, the final judgment of dismissal must be with prejudice as to all claims." ECF No. 19 at 2. Plaintiff did not file a reply.

Plaintiff's Motion for Entry of Final Judgment is governed by Federal Rule of Civil Procedure 54(b), which provides as follows:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The U.S. Supreme Court has interpreted Rule 54(b) to require a district court facing a Rule 54(b) motion, first, to determine whether the motion concerns a "final

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT ~ 2

judgment." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7−8 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. at 7 (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)).  Put another way, a judgment is final for the purposes of Rule 54(b) when it "terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined." *Parr v. United States*, 351 U.S. 513, 518 (1956).

     Plaintiff informs the Court that he will not amend his complaint to address the identified deficiencies in the claims that the Court dismissed without prejudice.  *See* ECF No. 18 at 2.  Given Plaintiff's waiver of his opportunity to amend his complaint to state claims upon which relief can be granted, the claims previously dismissed without prejudice may now be dismissed with prejudice.  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal with prejudice of a pro se complaint is proper when it is clear that deficiencies of a complaint will not be cured by amendment).

     Furthermore, the Court interprets Plaintiff's lack of reply to Defendants' request for dismissal with prejudice as consent to entry of final judgment in that form.  *See* LCivR 7(e) (failure to comply with the requirements applicable to motions and responses "may be deemed consent to the entry of an order adverse to the party who violates these rules").

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT ~ 3

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Final Judgment, **ECF No. 18**, is **GRANTED**.

2. Final judgment shall be **ENTERED with prejudice** in favor of Defendants with respect to all claims in Plaintiff's Complaint.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to Plaintiff and to counsel, and **close the file** in this case.

**DATED** December 14, 2020.

                                    *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                  United States District Judge