FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMANUEL ROY,<br><br>                  Plaintiff,<br><br>  v.<br><br>PIONEER HUMAN RESOURCES, INC; SPOKANE RESIDENTIAL REENTRY CENTER; DAN SIEGLER; CARLOS SOLOZAR; and SUSAN JOHNSON-CONNERS,<br><br>                  Defendants. | NO:  2:20-CV-235-RMP<br><br>ORDER TO REMAND |

On March 22, 2022, the United States Court of Appeals for the Ninth Circuit reversed this Court's prior judgment and order denying remand of this case to state court.  ECF No. 29; *see also* ECF Nos. 16 (Order Denying Plaintiff's Motion to Remand); 20 (Order Granting Plaintiff's Motion for Final Judgment); and 21 (Judgement of dismissal with prejudice of Plaintiff's claims).

Plaintiff Emmanuel Roy subsequently filed a Motion to Reopen and Remand Case, and for Costs, on March 31, 2022.  ECF No. 30.  In addition to seeking

ORDER TO REMAND ~ 1

1  remand to state court pursuant to the Ninth Circuit's resolution of Plaintiff's appeal,
2  Plaintiff seeks the cost of engaging in motion practice in this case and appealing the
3  Court's prior order denying remand. ECF No. 30 at 2. Plaintiff, who is proceeding
4  pro se, maintains that he "had to retain the services of a paralegal service to conduct
5  legal research" to assist him with litigating this case before this Court and on appeal
6  to the Ninth Circuit. *Id.* Plaintiff seeks $505.00 in fees from the District Court
7  Clerk, $220.00 in fees for service of the summons, $20.00 in fees for transcripts,
8  $62.00 in printing fees, $420.00 in copying costs, and $11,721.00 in "other
9  services." *Id.* at 12. Plaintiff attaches invoices for "paralegal services" totaling
10 $12,009.00. *Id.* at 14–17.

11  Defendants Pioneer Human Services, et al. oppose Plaintiff's pending motion
12 on the basis that Plaintiff's request to reopen and remand, before the Ninth Circuit
13 issued its mandate, is premature. ECF No. 31 at 2. Defendants also oppose
14 Plaintiff's request for costs and argue that any costs beyond what is allowable on
15 appeal by Fed. R. App. P. 39 and 28 U.S.C. § 1920 are not appropriate. *Id.*

16  On April 13, 2022, the Ninth Circuit issued its Mandate. ECF No. 33. The
17 Ninth Circuit taxed Defendants, as Appellees before the Ninth Circuit, for costs in
18 the amount of $22.50. *Id.* Defendants filed a supplemental response arguing that
19 the recoverable costs on appeal were determined by the Ninth Circuit in the Mandate
20 and that Plaintiff has no basis for receiving additional fees or costs related to the
21 appeal. ECF No. 32 at 1.

ORDER TO REMAND ~ 2

Costs and fees are allowed under 28 U.S.C. § 1447(c) when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Ninth Circuit held that, based on the face of Plaintiff's complaint, Plaintiff is asserting state law claims and that federal subject matter jurisdiction is lacking in this case. *See* ECF No. 29.

However, it is well settled that pro se litigants, such as Plaintiff in this case, are not entitled to attorney's fee awards authorized by fee-shifting statutes such as 28 U.S.C. § 1447(c). *Bank of N.Y. v. Bell*, 2011 U.S. Dist. LEXIS 3850, at *6 (D. Conn. Jan. 14, 2011) (citing *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (holding that pro se litigants, even when they are attorneys themselves, are not entitled to recover attorney's fees). Likewise, payments to a person trained as a paralegal who has performed the activities of an attorney, such as conducting legal research and drafting motions, are not recoverable as costs. *Makreas v. Moore Law Grp.*, A.P.C., No. C-11-2406 MMC, 2012 U.S. Dist. LEXIS 58618, at *11 (N.D. Cal. Apr. 26, 2012) (citing *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003) (upholding denial of a pro se litigant's claim for paralegal services as costs based on "the substantial amount of case law that has held pro se litigants cannot claim attorney's fees")). There is no attorney of record in this case, and, consequently, the Court finds no ground upon which to shift any of the costs for legal assistance that Plaintiff received, whether from an attorney or a paralegal, to Defendants.

In addition, and with respect to the other costs that Plaintiff seeks, LCivR 54

ORDER TO REMAND ~ 3

provides for an award of taxable costs "within 14 days after entry of judgment[.]" The judgment for Defendants has been reversed, and this Court lacks jurisdiction to adjudicate the merits of this matter moving forward. The remaining costs sought by Plaintiff also do not fit into any enumerated category of costs eligible for taxation by the District Court Clerk. *See* LCivR 54(d)(1)(C) (providing for taxation of costs for witness fees, necessary travel, and depositions when the deposition is used at trial or a substantive hearing, as well as "other costs" allowed under 28 U.S.C. §§ 1920, 1921, 1923, and 1927). Therefore, Plaintiff must seek any further relief from Spokane County Superior Court following remand.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Pursuant to the Ninth Circuit's Mandate, *see* **ECF No. 33**, this case shall be **REMANDED** to Spokane County Superior Court.

2. The District Court Clerk shall mail a certified copy of this Order of Remand to the Clerk of Spokane County Superior Court.

3. Plaintiff Emmanuel Roy's Motion to Reopen and Remand, and for Costs, **ECF No. 30**, is **DENIED AS MOOT** in part with respect to Plaintiff's request to reopen and remand and **DENIED** with respect to Plaintiff's request for costs.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to Plaintiff and to counsel, and **close the file** in this case.

**DATED** April 21, 2022.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER TO REMAND ~ 4